**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CLIFFORD L. YOUNG, JR.**

**Movant,**

**v.**

**WARDEN, MADISON CORRECTIONAL INSTITUTION,**

**Respondent.**

**Case No. 2:18–CV–1252**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

## ORDER and REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a motion filed by Petitioner, a state prisoner, seeking leave to proceed *in forma pauperis*, which is **GRANTED**. (ECF No. 3.) Petitioner will therefore be allowed to prosecute his action without prepayment of fees or costs, and judicial officers who render services in this action shall do so as if the costs had been prepaid.

Petitioner has also filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner seeks release from confinement pursuant to a state-court judgment in a criminal action. This case has been referred to the undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), the Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id*. Rule 4

allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

For the reasons that follow, it plainly appears that Petitioner's claim that his trial counsel rendered ineffective assistance by failing to subpoena certain witnesses is procedurally barred. Accordingly, the undersigned **RECOMMENDS** that this claim be **DISMISSED**. Moreover, as described below, Respondent is **ORDERED** to file an answer, motion, or other response to the remaining claims in the petition in accordance with Rule 5 of the Rules Governing §2254 Cases ("Rule 5") in the United States District Courts within **SIXTY (60) DAYS** of the date that this Order is filed. Petitioner shall have **TWENTY-ONE (21) DAYS** after Respondent responds to the petition to file and serve a Reply.

## I. RELEVANT BACKGROUND

The following factual and procedural history is taken from the state appellate court's summary of this matter.

> . . . On December 4, 2013, appellant was indicted for aggravated robbery with a firearm specification (Count 1 of the indictment), robbery with a firearm specification (Count 2 of the indictment), robbery with a firearm specification (Count 3 of the indictment), felonious assault with a firearm specification (Count 4 of the indictment), and having weapons while under a disability (Count 5 of the indictment) . . . .
>
> . . . The case proceeded to trial in September 2015. However, the jury was unable to reach a verdict and the trial court declared a mistrial . . . . On November 9, 2015, a second trial commenced . . . .
>
> . . . Appellant was found guilty of aggravated robbery with a firearm specification (Count 1), robbery with a firearm specification (Count 2), felonious assault with a firearm specification (Count 4), and having weapons while under disability (Count 5). The court merged Counts 1 and 2, and the state elected that appellant be sentenced on Count 1. Appellant was sentenced to 17 years in prison to be served consecutively to his sentences in three other cases . . . .

*State v. Young*, 101 N.E. 3d 1056, 1058. On appeal, Petitioner raised the following seven assignments of error:

> [I.] The State failed to establish operability to support the firearm specifications. Therefore, the convictions and sentences for the firearm specifications violated [Petitioner's] rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.
>
> [II.] The State failed to establish that a firearm was present or operability to support the firearm specification(s) related to the second altercation. Therefore, the convictions and sentences for the specification(s) related to the second assault violated [Petitioner's] rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.
>
> [III.] The trial court committed plain, reversible error when it admitted unauthenticated cellphone records when that testimonial evidence was key in placing [Petitioner] at the scene of the crime, in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution.
>
> [IV.] [Petitioner] was denied the effective assistance of counsel at his trial, to which he was entitled under the Sixth and Fourteenth Amendments to the United States Constitution. Mr. Young's counsel failed to object to Det. Howe's testimony about unauthenticated cellphone records. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.E.2d 177 (2004).
>
> [V.] The State's repeated mischaracterization of the AT & T-owned cellphone denied [Petitioner] a fair trial and due process of law, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.
>
> [VI.] The trial court committed plain error when it failed to instruct the jury on photo–lineup noncompliance as required by R.C. 2933.83(C)(3), in violation of [Petitioner's] Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.
>
> [VII.] Trial Counsel provided ineffective assistance of counsel by failing to request an R.C. 2933.83(C)(3) jury instruction. Sixth and Fourteenth Amendments, United States Constitution, and Article I, Section 10 of the Ohio Constitution.

*Id*. at 1061. On December 14, 2017, the state appellate court overruled all seven assignments of

error and affirmed the judgment of the state trial court. *Id*. at 1067. Petitioner sought an appeal of that determination, but on April 25, 2018, the Ohio Supreme Court declined to exercise jurisdiction over the matter. *State v. Young*, 152 Ohio St. 3d 1448 (Ohio 2018). The state-court docket reveals that while his request for an appeal was pending in the Ohio Supreme Court, Petitioner also moved the state appellate court to re-open his appeal pursuant to Ohio R. App. P. 26(B) so that he could allege ineffective assistance of appellate counsel. (Franklin County Clerk of Court, 15–AP–001144, Docket March 9, 2018.) The state appellate court denied this Rule 26(B) motion on May 1, 2018. (Franklin County Clerk of Court, 15–AP–001144, Docket May 1, 2018.) Petitioner did not seek an appeal of that determination in the Ohio Supreme Court.

On October 10, 2018, Petitioner placed his petition for a writ of habeas corpus in the prison mailing system. (ECF No. 1, at PAGE ID # 15.) In it, he alleges that his constitutional rights were violated because the state failed to present sufficient evidence to support the firearm specifications (Ground One); the state trial court allowed unauthenticated phone records to be admitted into evidence (Ground Two); the state repeatedly mischaracterized evidence during trial (Ground Two); the state trial court failed to properly instruct the jury that the state's photo-lineup did not comply with state rules governing such procedures (Ground Two); and that Petitioner received ineffective assistance of trial counsel (Ground Three). (*Id*., at PAGE ID # 5, 7, 8.) With regard to the ineffective assistance claim, Petitioner alleges that trial counsel was ineffective for failing to: 1) request proper jury instructions; 2) object to testimony about unauthenticated phone records; and 3) subpoena credible witnesses from the first trial to appear at the second trial. (*Id*., at PAGE ID # 8.)

## II. ANALYSIS

Petitioner's claim that trial counsel was ineffective for failing to subpoena credible witnesses from the first trial to appear at the second trial was never raised in the state courts.

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to present his claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 8 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). In addition, federal courts will not consider the merits of procedurally defaulted claims unless a petitioner demonstrates cause for the default and resulting prejudice, or where failure to review the claim would result in a fundamental miscarriage of justice because a constitutional violation probably resulted in the conviction of someone who is actually innocent of the substantive offense. *Lundgren v. Mitchell*, 440 F. 3d 754, 763 (6th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 749 (1991)); *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

"A claim may be procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)). First, a claim will be procedurally defaulted where a petitioner fails to raise and pursue a claim through the state's "ordinary appellate review procedures." *Thompson v. Bell*, 580 F.3d 423, 437 (6th

Cir. 2009) (citing *Williams*, 460 F. 3d 806)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 846–47 (1999)). Thus, a petitioner must "'obtain consideration of a claim by a state courts . . . while state–court remedies are still available.'" *Lundgren*, 440 F. 3d at 763 (quoting *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). If, at the time the petition is filed, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *see also Coleman*, 501 U.S. at 735 n.1 (1991); *Lovins*, 712 F.3d at 295 ("a claim is procedurally defaulted where the petitioner failed to exhaust state–court remedies, and the remedies are no longer available at the time the federal habeas petition is filed because of a state procedural rule.")

Part of this procedural default analysis involves the requirement that a federal constitutional claim be "fairly presented" to the state courts. "A petitioner 'fairly presents' the 'substance of his federal habeas corpus claim' when the state courts are afforded sufficient notice and a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim." *Cowans v. Bagley*, 236 F.Supp.2d 841, 857 (S.D. Ohio 2002) (quoting *Anderson*, 459 U.S. at 6). Conversely, "a petitioner does not fairly present a claim if he presents an issue to the state courts under one legal theory, and then presents the issue to the federal courts under a different legal theory . . . [r]ather, he must present to the federal court essentially the same facts and legal theories that were considered and rejected by the state courts." *Id.* (citing *Lorraine v. Cole*, 291 F.3d 416, 425 (6th Cir. 2002)).

Second, a claim may be procedurally defaulted if state-court remedies have been exhausted but the last reasoned state–court judgement declines to reach the merits of the claim because of a petitioner's failure to comply with a state procedural rule. *Lovins*, 712 F.3d at 295;

*Lundgren*, 440 F. 3d at 763. In such circumstances, courts in the Sixth Circuit engage in a four–part analysis described in *Maupin v. Smith* 785 F.2d 135, 138 (6th Cir. 1986). The court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. *Id.*

The undersigned concludes that Petitioner's subpoena-related claim is procedurally barred in the first manner described above. In his direct appeal in the state courts, Petitioner asserted his trial counsel was ineffective for failing to request proper jury instructions and for failing to object to testimony about the unauthenticated phone records. (*See* ECF No. 1, at PAGE ID # 2.) Petitioner did not assert, however, that trial counsel was ineffective for failing to subpoena prior witnesses. (*Id.*) Because Petitioner failed to raise that particular ineffective assistance claim, the undersigned concludes that it was never fairly presented to the state courts, and thus it is procedurally defaulted in the first manner described above. *See Lorraine*, 291 F.3d at 425 (finding that claim that trial counsel was ineffective for failing to use a pharmacologist during liability phase was procedurally barred where petitioner alleged in state court only that trial counsel was ineffective for failing to develop evidence of organic brain damage and head injuries as mitigation evidence); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (finding that

the [p]etitioner's second ineffective assistance of counsel claim [raised in her habeas petition] rests on a theory which is separate and distinct from the one previously considered and rejected in state court" and therefore she procedurally defaulted this claim);

Moreover, trial counsel's failure to subpoena prior witnesses would have appeared on the face of the record. Petitioner alleges that he was represented by different a lawyer on direct appeal than he was at trial. (*Id*., at PAGE ID # 13.) When a defendant is represented by different counsel at trial and on direct appeal, ineffective assistance of trial counsel claims that appear on the face of the record must be raised in a direct appeal, or they will be waived under Ohio's doctrine of *res judicata. Van Hook v. Anderson*, 127 F.Supp.2d 899, 913 (citing *State v. Perry,* 10 Ohio St.2d 175 (1967)). Such are the circumstances here. Because Petitioner did not allege that trial counsel was ineffective for failing to subpoena prior witnesses in his direct appeal, that claim is procedurally defaulted.

Petitioner makes no allegations in the petition that might excuse that default. To the extent he might allege that he failed to raise this particular ineffective assistance of trial counsel claim because he received ineffective assistance of appellate counsel, that claim would lack merit. Although Petitioner filed a Rule 26(B) motion alleging ineffective assistance of appellate counsel, he failed to appeal the state appellate court's denial of that motion to the Ohio Supreme Court. For that reason, the ineffective assistance of appellate counsel claim is procedurally barred, and thus, it cannot serve as cause for the default of another claim. *See Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000) (holding that the constitutionally ineffective assistance of counsel may constitute a cause for procedural default only when that claim has been presented to the state courts and is not itself procedurally defaulted).

## III. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that Petitioner's claim that he received ineffective assistance of trial counsel because trial counsel failed to subpoena credible witnesses from the first trial to appear at the second trial be **DISMISSED**.

The undersigned further **ORDERS** Respondent to file an answer, motion, or other response to the remaining claims in the petition in accordance with Rule 5 of the Rules Governing §2254 Cases ("Rule 5") in the United States District Courts within **SIXTY (60) DAYS** of the date that this Order is filed.

Before filing any response to the petition, the Respondent must file those portions of the transcripts needed to adjudicate this case and the state court record in accordance with the provisions of Rule 5(c) and (d) of the Rules Governing § 2254 Cases. When those documents are filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing, Respondent's counsel shall ensure that any borders on parts of the record or transcripts (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The filings shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system, which display each exhibit and the name of that exhibit in the record.

Respondent must serve Petitioner with complete copies of the response to the petition, transcripts, and the state court record with PageID numbers at the time of filing. Service must be accomplished in accordance with the pertinent provisions of Fed. R. Civ. P. Rule 5(b). If service

cannot be accomplished through the Court's CM/ECF filing system, Respondent must file a certificate of service pursuant to Fed. R. Civ. P. Rule 5(d)(1)(B).

Petitioner shall have **TWENTY-ONE (21) DAYS** after Respondent responds to the petition to file and serve a Reply.

The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o:

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*______
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE