# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CLIFFORD L. YOUNG, JR.,

                Petitioner,        :       Case No. 2:18-cv-1252

  - vs -                                  District Judge Michael H. Watson
                                          Magistrate Judge Michael R. Merz

JEFF NOBLE, Warden,
   Madison Correctional Institution,

                                   :
                Respondent.

## REPORT AND RECOMMENDATIONS

      Petitioner Clifford Young brought this habeas corpus case *pro se* under 28 U.S.C. § 2254 to obtain relief from his convictions in the Franklin County, Ohio, Court of Common Pleas on charges of aggravated robbery, robbery, felonious assault, and having weapons while under disability. After Young filed his Petition, Magistrate Judge Chelsey Vascura ordered Respondent to answer and provided that Young would have twenty-one days after the answer was filed to himself file a reply (Order, ECF No. 4). The State Court Record (ECF No. 8) and Return (ECF No. 9) were filed August 8, 2019, supplemented by the trial transcripts (ECF No. 10) on August 22, 2019. Young has never filed a reply and the time within which he was permitted to do so has expired, making the case ripe for decision.

      The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District.

**Litigation History**

In September 2013, a Franklin County grand jury indicted Petitioner on one count of aggravated robbery with a firearm specification, two counts of robbery, also with firearm specifications, one count of felonious assault with a firearm specification, and one count of having weapons while under disability (State Court Record, ECF No. 8, PageID 54-58). After a mistrial, a second trial jury found him guilty on Counts One, Two, Four, and Five, and he was sentenced to seventeen years imprisonment, consecutive to sentences already being served on other convictions. *Id*. at PageID 61-63.

Young appealed to the Tenth District Court of Appeals, which affirmed the convictions. *State v. Young*, No. 15AP-1144, 2017-Ohio-9028 (Ohio App. 10th Dist. Dec. 14, 2017), appellate jurisdiction declined, 152 Ohio St. 3d 1448, 2018-Ohio-1600. Young later filed an application for reopening his direct appeal to raise claims of ineffective assistance of appellate counsel (State Court Record, ECF No. 8, PageID 243-52), but the Tenth District declined to consider the application because Young did not submit the required sworn statement.[1] *Id*. at PageID 258-60. Then on October 10, 2018, Young filed the instant habeas corpus petition by depositing it in the prison mail system. He pleads the following grounds for relief:

> **Ground One**: The State violated right to due process and fair trial under the U.S. Constitution & Ohio Constitution.
>
> **Supporting Facts:** The State failed to establish operability and that a firearm was present to support the firearm specification(s) related to the altercations.

---
[1] Young pleads that the Application was denied as time-barred (Petition, ECF No. 1, PageID 3). The Decision of the Tenth District shows it was for failure to include the required sworn statement (Memorandum Decision, State Court Record ECF No. 8, PageID 258, ¶ 1).

2

> **Ground Two**: Trial Court committed plain, reversible error when it admitted unauthenticated records, repeated mischaracterization, & failed to properly instruct jury.
>
> **Supporting Facts:** The State violated Rule of Evidence & Procedure introducing unauthenticated cell phone records, unsupported claim that Petitioner owned the cell phone, & failing to instruct jury on photo-lineup noncompliance.
>
> **Ground Three**: Ineffective assistance of trial counsel
>
> **Supporting Facts:** Counsel failed to request proper jury instructions, also failed to object to testimony about unauthenticated cell phone records, & failed to subpoena previous credible witness in first trial to appear at second trial.

(Petition, ECF No. 1, PageID 5, 7, 8).

On her initial review of the Petition under Rule 4 of the Rules Governing § 2254 Cases, Judge Vascura recommended that Ground Three be dismissed as procedurally defaulted because it had not been raised on direct appeal (Report and Recommendations, ECF No. 4, PageID 39-43). Young made no objections and Judge Watson has adopted that recommendation (Order, ECF No. 7). He further found under Fed.R.Civ.P. 54(b) that there was no just reason to delay final judgment on the ineffective assistance of trial counsel claim and his Order constitutes a final judgment on that claim which Young has not appealed within the time allowed by law. *Id*. at PageID 50. No further analysis of Ground Three is required.

## Analysis

### Ground One: Insufficient Evidence

In his First Ground for Relief, Young contends the State failed to establish by sufficient evidence that an operable firearm was present during the crimes (Petition, ECF No. 1, PageID 5).

The Warden contends that this claim is procedurally defaulted because it was not presented to the Supreme Court of Ohio on appeal from the Tenth District (Return, ECF No. 9, PageID 366). Examining Young's Memorandum in Support of Jurisdiction in the Ohio Supreme Court, the Magistrate Judge finds his third proposition of law was "Does a trial court err in applying a firearm penalty enhancer in the absence of evidence of operability or immediate operability?" (State Court Record, ECF No. 8, PageID 222). In the body of the Memorandum, he argued that

> The state failed to establish that a firearm was present or operability to support the firearm specification(s), related to the second altercation. Therefore the convictions and sentences for the specification(s) related to the second assault violated the defendant's rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.

*Id.* at PageID 224-25. By comparing this with assignments of error one and two on direct appeal, the Magistrate Judge concludes the issue was fairly presented to the Ohio courts and recommends Respondent's procedural default defense on Ground One be overruled.

On the merits of Ground One, the Magistrate Judge first notes that federal habeas corpus is available only to correct federal constitution errors. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Therefore no analysis will be offered on Young's claim under the Ohio Constitution.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (*en banc*). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a

4

reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship,* 397 U.S. at 364.

Young's first assignment of error on direct appeal claimed "there was insufficient evidence of operability of the firearm to support the firearm specifications." *Young*, 2017-Ohio-9028, ¶ 17. His second assignment of error claimed there was insufficient evidence to show a firearm was present or operable "related to the second altercation." *Id*. at ¶ 21. The Tenth District relied on the victim's testimony that

> [A]ppellant pulled a gun out, demanded money, and then repeatedly struck her with the gun in the head, shoulders and upper body in furtherance of the aggravated robbery and felonious assault. (Nov. 12, 2015 Tr. at 292-95.) In addition, Detective Jackson testified that the blood splatter on the mirror in the hotel room was consistent with someone being "pistol whipped." (Nov. 10, 2015 Tr. at 151.) As such, sufficient evidence exists to support the guilty verdicts as to the firearm specifications.

*Id.* at ¶ 20. The court also held on the second assignment of error that, because Young was not indicted for two assaults, "there is no conviction that relates to a second assault to consider." *Id*. at ¶ 21.

Under Ohio law, operability is a key element to proving a firearm specification under Ohio

law. *State v. Murphy,* 49 Ohio St. 3d 206 (1990). However, operability can be proved by showing an express or implied threat to use the firearm. *State v. Thompkins,* 78 Ohio St. 3d 380, 385 (1997).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable

> doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier of fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (*en banc*), citing *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) . Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U.S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012) (*per curiam*); *Parker v. Matthews*, 567 U.S. at 43.

Although there was no second assault charge, Young may be complaining of being sentenced separately for the two firearm specifications. He was convicted both of aggravated robbery with a firearm specification and felonious assault with a firearm specification (Counts One and Four). The trial judge refused to merge the two specifications, presumably because these two crimes were committed separately: Young first used the gun to threaten the victim into giving him money. When that did not succeed and she took the gun from him, he struggled with her, regained

7

possession of the gun, and then pistol-whipped her with it, in addition to assaulting her with his fists and a lit cigarette. *Young*, 2017-Ohio-9028, ¶ 4. The evidence in the record is clearly sufficient to support these as separate convictions, separately punishable under Ohio Revised Code § 2941.25.

Young's First Ground for Relief should be dismissed on the merits.

**Ground Two: Trial Court Error in Admitting Unauthenticated Evidence Mischaracterizing the Evidence, and Failing to Properly Instruct the Jury**

In his second Ground for Relief, Young claims the trial court admitted evidence that had not been properly authenticated, mischaracterized the evidence, and failed to properly instruct the jury (Petition, ECF No. 1, PageID 7).

The Warden contends this claim is procedurally defaulted because Young's trial attorney made no contemporaneous objection to these asserted errors (Answer, ECF No. 9, PageID 368). On appeal, the Tenth District held that there had been no contemporaneous objection to the authenticity of the cellphone records, which were, in any event, not offered in evidence. *Young*, 2017-Ohio-9028, ¶ 25. Likewise there was no request to instruct the jury on the State's asserted noncompliance with Ohio Revised Code § 2933.83(C)(3), the statute governing photographic lineups. *Id*. at ¶ 33. Because of these failures to object, the Tenth District reviewed the claimed errors only on a plain error basis under Ohio R.Crim.P. 52(B).

An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006). The procedural defaults as to Ground Two consisted of failure to make contemporaneous objections.

8

Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl*, 668 F.3d at 334 (6th Cir. 2012), citing *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006). Because trial counsel failed to make a contemporaneous objection on any of the issues raised in Ground Two, it should be dismissed as barred by that procedural default.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 21, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.