# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CLIFFORD L. YOUNG, JR.,

        Petitioner,

- vs -

JEFF NOBLE, Warden,
    Madison Correctional Institution,

        Respondent.

Case No. 2:18-cv-1252

District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 13) to the Magistrate Judge's Report and Recommendation ("R&R") recommending that the case be dismissed with prejudice (ECF No. 12). As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* every portion of the R&R to which specific objection has been made and rules on those objections as follows.

### I.    LITIGATION HISTORY

In September 2013, a Franklin County grand jury indicted Petitioner on one count of aggravated robbery with a firearm specification, two counts of robbery, also with firearm specifications, one count of felonious assault with a firearm specification, and one count of having weapons while under disability (State Court Record, ECF No. 8, PageID 54-58). After a mistrial, a second trial jury found him guilty on Counts One, Two, Four, and Five, and the firearm specifications and he was sentenced to seventeen years imprisonment, consecutive to sentences already being served on other convictions. *Id.* at

PageID 61-63. The conviction was affirmed on appeal. *State v. Young*, No. 15AP-1144, 2017-Ohio-9028 (Ohio App. 10th Dist. Dec. 14, 2017), appellate jurisdiction declined, 152 Ohio St. 3d 1448, 2018-Ohio-1600. Young's later effort to file an Application for Reopening the appeal under Ohio R. App. P. 26(B) was rejected on procedural grounds.

Young then filed his petition for writ of habeas corpus in this Court pleading three grounds for relief:

> **Ground One**: The State violated right to due process and fair trial under the U.S. Constitution & Ohio Constitution.
>
> **Supporting Facts**: The State failed to establish operability and that a firearm was present to support the firearm specification(s) related to the altercations.
>
> **Ground Two**: Trial Court committed plain, reversible error when it admitted unauthenticated records, repeated mischaracterization, & failed to properly instruct jury.
>
> **Supporting Facts**: The State violated Rule of Evidence & Procedure introducing unauthenticated cell phone records, unsupported claim that Petitioner owned the cell phone, & failing to instruct jury on photo-lineup noncompliance.
>
> **Ground Three**: Ineffective assistance of trial counsel
>
> **Supporting Facts**: Counsel failed to request proper jury instructions, also failed to object to testimony about unauthenticated cell phone records, & failed to subpoena previous credible witness in first trial to appear at second trial.

(Petition, ECF No. 1, PageID 5, 7, 8).

On initial review under Rule 4 of the Rules Governing § 2254 Cases, Magistrate Judge Vascura recommended dismissal of Ground Three as procedurally defaulted. Young made no objection and the Court dismissed that claim in an order constituting a final judgment from which Young did not appeal. After the Magistrate Judge reference

was transferred to Magistrate Judge Merz, he recommended that the other two Grounds for Relief also be dismissed on the merits (R&R, ECF No. 12). Petitioner has objected.

## II. ANALYSIS

### A. Ground One: Insufficient Evidence

In the Petition, Young claimed there was insufficient evidence to convict him on the firearm specifications in this case because the State had not proven operability. The R&R rejected this claim on the basis of the decision on appeal by the Tenth District:

> [A]ppellant pulled a gun out, demanded money, and then repeatedly struck her [the victim] with the gun in the head, shoulders and upper body in furtherance of the aggravated robbery and felonious assault. (Nov. 12, 2015 Tr. at 292-95.) In addition, Detective Jackson testified that the blood splatter on the mirror in the hotel room was consistent with someone being "pistol whipped." (Nov. 10, 2015 Tr. at 151.) As such, sufficient evidence exists to support the guilty verdicts as to the firearm specifications.

*State v. Young,* 2017-Ohio-9028, ¶ 20. The R&R agreed with Petitioner that operability is an element of proving a firearm specification under Ohio law, but operability can be shown under Ohio law by showing an express or implied threat to use the firearm. (R&R, ECF No. 12, PageID 2473, citing *State v. Thompkins,* 78 Ohio St. 3d 380, 385 (1997)). Young does not object to the R&R's conclusion on this portion of Ground One.

The Magistrate Judge read the Petition as possibly raising a claim that Young should not have been sentenced separately on the two firearm specifications (R&R, ECF No. 12, PageID 2474). The R&R rejected this claim because the trial judge had found the gun was used separately for the aggravated robbery to threaten the victim and then, after Young regained possession of the gun, to pistol whip the victim as part of the felonious assault. *Id.* at PageID 2474-75.

Young objects that the two charges to which the firearm specifications were attached, Counts One and Four, were themselves merged (Objections, ECF No. 13, PageID 2480). The record does not support this claim. In the Judgment Entry Judge McIntosh wrote: "Count One and Count Two merge. The State has elected that the Defendant to [sic] be sentenced under Count One. The Court finds that Counts One and Four do not merge." (State Court Record, ECF No. 8, PageID 62). This is clearly a correct holding under Ohio's allied offenses statute, Ohio Revised Code § 2941.25, because the two uses of the firearm were separate.

Young also objects that "[t]he victim testified the alleged firearm was never pointed at her (Tr. 286) and was never fire[d] (Tr. 325)." (Objections, ECF No. 13, PageID 2480. That is a correct report of the victim's testimony as to the pointing of the gun (Transcript, ECF No. 10-2, PageID 1765). The second reference is to the victim's testimony about when she had control of the gun for a moment. During that time she had her middle finger inside the trigger guard, but never herself fired the gun. *Id.* at PageID 1804.

The fact that the gun was never pointed at the victim does not prevent conviction for using it. The victim testified Young pulled the gun out so that it was visible to her and demanded her money. *Id.* at PageID 1762. When she asked him if this was a joke, he "cocked the gun back and told me, no, give me your money. . ." *Id.* at PageID 1764. That testimony alone is sufficient to show use of a firearm to threaten in the context of an aggravated robbery.

Petitioner's Objections as to Ground One are **OVERRULED** and the R&R is **ADOPTED** as to that claim.

## B. Ground Two: Trial Court Error in Admitting Unauthenticated Evidence Mischaracterizing the Evidence, and Failing to Properly Instruct the Jury

In his second Ground for Relief, Young claims the trial court admitted evidence that had not been properly authenticated, mischaracterized the evidence, and failed to properly instruct the jury (Petition, ECF No. 1, PageID 7). The Tenth District Court of Appeals reviewed this claim only for plain error because there had been no contemporaneous objection in the trial court. *Young*, 2017-Ohio-9028, ¶¶ 25, 33. The R&R found, following Sixth Circuit case law, that the plain error review here was an enforcement of the contemporaneous objection rule and therefore Ground Two was procedurally defaulted (R&R, ECF No. 12, PageID 2475-76.)

In his Objections, Young does not mention the lack of a contemporaneous objection. Instead, he argues this claim under Ohio evidence law (Objections, ECF No. 13, PageID 2480). He complains that the unauthenticated cellphone records were "key" to placing him in the vicinity of the crime. But the real key was identification by the pistol-whipped victim.

Young's objections on Ground Two are **OVERRULED** and the R&R is **ADOPTED** as to this claim.

## III. CONCLUSION

Upon the foregoing analysis, the Petition is ordered **DISMISSED WITH PREJUDICE**. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**